IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARSHA MAGESTRO;<br><br>JEREMY REZACH;<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION;<br><br>CITY OF BROOKFIELD;<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC.;<br><br>LAW OFFICES OF MARK S. KNUTSON;<br><br>COTTONWOOD FINANCIAL WISCONSIN, LLC; and<br><br>SOFT WATER, INC.,<br><br>    Defendants. | Case No. 2:18-cv-397 |

**COMPLAINT**

Plaintiff, the United States, through its undersigned counsel, sets forth its complaint against the defendants as follows:

1.    The United States seeks to: (1) reduce to judgment unpaid federal income tax assessments made against Marsha Magestro ("Magestro"); (2) obtain a determination that Jeremy Rezach holds real property located at 615 Forest Grove Court in Brookfield, Wisconsin 53005 ("the Property") subject to federal tax liens against Magestro or, in the alternative, to avoid

1

Magestro's fraudulent transfer of the Property to Mr. Rezach; and (3) enforce federal tax liens that attached to the Property by virtue of the federal tax assessments against Magestro.

## JURISDICTION AND VENUE

2. This civil action is commenced pursuant to 26 U.S.C. §§ 7401 and 7403 at the direction of the Attorney General of the United States with the authorization and at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1340, 1345 and 26 U.S.C. §§ 7402 and 7403.

4. Venue in this district is based on 28 U.S.C. §§ 1391 and 1396 because the tax liability accrued within this judicial district, the defendants reside or do business within this judicial district, and a substantial part of the events giving rise to this suit took place in this judicial district. The property at issue is also located within this judicial district.

## PARTIES

5. The plaintiff is the United States.

6. Defendant Marsha Magestro resides at 1809 Cardinal Drive in Brookfield, Wisconsin 53005 within the jurisdiction of this Court.

7. Defendant Jeremy Rezach resides at 615 Forest Grove Court in Brookfield, Wisconsin 53005 and is named as a defendant pursuant to 26 U.S.C. § 7403(b) because he may claim an interest in the property that is the subject of count II of this complaint. Mr. Rezach is Magestro's former son-in-law.

8. Defendant Federal National Mortgage Association, assignee of J.P. Morgan Chase Bank, is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the property that is the subject of count II of this complaint.

9. Defendant City of Brookfield is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the property that is the subject of count II of this complaint.

10. Defendant Portfolio Recovery Associates, LLC is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the property that is the subject of count II of this complaint.

11. Defendant Law Offices of Mark S. Knutson is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the property that is the subject of count II of this complaint.

12. Defendant Cottonwood Financial Wisconsin, LLC is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the property that is the subject of count II of this complaint.

13. Defendant Soft Water, Inc. is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the property that is the subject of count II of this complaint.

### COUNT I - REDUCE TAX ASSESSMENTS TO JUDGMENT

14. The United States incorporates by reference the allegations in paragraphs 1 through 6, as if set forth here.

15. Magestro filed Forms 1040 (U.S. Individual Income Tax Return) for tax years 2010 and 2011 on April 15, 2011 and May 2, 2012, respectively, reporting tax due.

16. On the dates specified below, a delegate of the Secretary of the Treasury made assessments against Magestro for the unpaid federal income taxes she reported, plus interest and penalties, for the tax years indicated:

| Tax Year | Assessment Date | Balance Due as of January 30, 2018[1] |
|---|---|---|
| 2010 | May 30, 2011 | $409,251.12 |
| 2011 | June 4, 2012 | $58,149.02 |
| | **Total** | **$471,620.14** |

17. Notices of the assessments against Magestro and demands for payment were given to Magestro on or about the dates of the assessments.

18. Despite notice and demand, Magestro failed to pay the assessed liabilities listed in the table in paragraph 16.

19. As a result, Magestro is indebted to the United States in the amount of $471,620.14 as of January 30, 2018, plus further interest and statutory additions.

WHEREFORE, the United States seeks judgment on Count I of its complaint as follows:

(a) That the Court enter judgment in favor of the United States of America and against Magestro in the amount of $471,620.14, plus statutory additions accruing after January 30, 2018, until paid;

(b) That the Court award the United States its costs incurred herein; and

(c) That the Court award the United States such other relief as it deems just and equitable.

**COUNT II – ENFORCEMENT OF FEDERAL TAX LIENS AGAINST THE PROPERTY**

20. The United States incorporates by reference the allegations in paragraphs 1 through 19, as if set forth here.

---

[1] Statutory additions continue to accrue on the assessments and will continue to accrue until full payment.

21. By reason of the assessments described in paragraph 16, and pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens arose as of the dates of assessment in the amounts of the assessments plus all additions accruing thereon under law and attached to all of Magestro's property and rights to property, including the Property.

22. The Property's legal description is as follows:

Lot 12, in Forest Grove Subdivision, being a Subdivision of part of the Southwest ¼ of the Northwest ¼ of Section 36, Township 7 North, Range 20 East, in the City of Brookfield, Waukesha County, Wisconsin.

23. On December 19, 2007, Magestro acquired the Property via warranty deed.

24. On August 16, 2011, Magestro conveyed the Property to Mr. Rezach via quitclaim deed for no consideration.

25. On August 22, 2013, the IRS filed a Notice of Federal Tax Lien relating to the 2010 and 2011 income tax assessments against Magestro at the Waukesha County Register of Deeds.

26. On May 4, 2015, the IRS filed a Notice of Federal Tax Lien relating to the 2010 and 2011 income tax assessments against Mr. Rezach, as nominee for Magestro at the Waukesha County Register of Deeds.

27. When Magestro transferred the Property to Mr. Rezach for no consideration, she was aware of the substantial unpaid 2010 federal income tax assessment against her.

28. When Magestro transferred her interest in the Property to Mr. Rezach, Mr. Rezach took his interest in the property subject to the federal tax lien for 2010.

29. Both before and after August 16, 2011, the United States was a creditor of Magestro.

30. Magestro transferred the Property to Mr. Rezach with intent to hinder, delay, or defraud creditors.

31. Magestro transferred the Property to Mr. Rezach without receiving reasonably equivalent value in exchange for it.

32. Magestro's transfer of the Property was fraudulent as to the United States pursuant to Wisconsin Statutes § 242.04.

33. Magestro became insolvent as a result of her transfer of the Property to Mr. Rezach.

34. Magestro's transfer of the Property to Mr. Rezach was fraudulent as to the United States pursuant to Wisconsin Statutes § 242.05.

35. The United States' federal tax liens attached to Magestro's interest in the Property and may be enforced and, accordingly, the Property may be sold.

WHEREFORE, the United States requests that the Court enter judgment on Count II of the complaint as follows:

a) Grant judgment in favor of the United States and declare that the United States has valid and subsisting federal tax liens upon all property and rights to property of Magestro, including the Property;

b) Declare that Magestro's transfer of her interest in the Property to Mr. Rezach i) was made subject to the federal tax liens against her or ii) a fraudulent transfer that should be disregarded pursuant to the Wisconsin Uniform Fraudulent Transfer Act;

c) Order that the federal tax liens be enforced against the Property and that the Property be sold;

d) Order that any defendant claiming an interest in the proceeds from the sale of the Property affirmatively demonstrate that interest;

e) Order that the proceeds from the sale of the Property be paid to the United States, or that a portion of the proceeds be paid to the United States if there is a lien found to be superior

to the United States' tax liens;

  f)  Grant the United States such other and further relief as the Court deems just and proper, including its costs incurred in this suit.

Dated: March XX, 2018          MATTHEW D. KRUEGER
                    United States Attorney

                    RICHARD E. ZUCKERMAN
                    Principal Deputy Assistant Attorney General

                    /s/ Julian T. A. Lee
                    JULIAN T. A. LEE
                    NY Bar Number: 4523684
                    Trial Attorney, Tax Division
                    U.S. Department of Justice
                    P.O. Box 7238
                    Washington, D.C. 20044
                    202-307-6140 (o)
                    202-514-6770 (f)
                    Julian.Lee@usdoj.gov
                    *Attorney for the United States*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
Marsha Magestro, et al.

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Julian T. A. Lee, Department of Justice - Tax Division, P.O. Box 7238
Washington, DC 20044
b: 202.307.6140

Attorneys *(If Known)*
n/a

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question *(U.S. Government Not a Party)*
[ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | | | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | | [ ] 863 DIWC/DIWW (405(g)) | |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| | [ ] 362 Personal Injury - Medical Malpractice | | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| | | | | | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [X] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 446 Amer. w/Disabilities - Other | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[ ] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. 7401 and 7403
Brief description of cause:
Complaint to reduce federal tax assessments to judgment and enforce federal tax liens

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 471,620.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 03/13/2018
SIGNATURE OF ATTORNEY OF RECORD: /s/ Julian T. A. Lee

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.  Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.